## SOUTHERN OIL TRANSPORTATION COMPANY, INC. v. ASPHALT AND PETROLEUM COMPANY AND ELSON BRITT.

(Filed 21 November 1962.)

**Automobiles §§ 41i, 42e—**

Evidence tending to show that defendant's vehicle entered the highway from a roadside park so closely in front of plaintiff's vehicle that, to avoid a rear-end collision, plaintiff's driver drove plaintiff's vehicle to the right off the highway onto the shoulder where it turned over, resulting in damage, *is held* sufficient to be submitted to the jury on the issue of negligence and not to disclose contributory negligence as a matter of law.

APPEAL by defendants from *Crissman, J.*, February 19, 1962, Civil Term of GUILFORD, High Point Division.

Plaintiff's action is to recover compensation for damage to its tractor-trailer and for loss of cargo allegedly caused by the negligent operation of corporate defendant's tractor-trailer in the course of its business by defendant Britt, its employee-driver.

The facts alleged by plaintiff on which it predicates its allegations of negligence may be summarized as follows: On December 22, 1960, about 7:50 a.m., as plaintiff's tractor-trailer, operated by Allen Freeman, plaintiff's employee-driver, was proceeding north on U.S. Highway 421, approximately twelve miles south of Clinton, North Carolina, defendant Britt, operating the corporate defendant's tractor-trailer, entered upon 421 from a roadside park on the west side thereof and proceeded (north) into the lane for northbound traffic and directly in front of and in the path of plaintiff's tractor-trailer when it was so close that the driver (Freeman) had to turn out in order to avoid a rear-end collision. Confronted by this sudden emergency, Freeman drove plaintiff's tractor-trailer off said highway and onto the east shoulder thereof where it turned over, thereby damaging plaintiff's tractor-trailer and its cargo.

Issues of negligence and contributory negligence, raised by the pleadings, were submitted and answered in favor of plaintiff; and the jury awarded damages in the amount of $3,319.59.

Judgment for plaintiff, in accordance with the verdict, was entered. Defendants excepted and appealed; and, on appeal, defendants assign as error the court's denial of their motion for judgment of nonsuit.

*Martin & Whitley for plaintiff appellee.*
*Sapp & Sapp for defendant appellants.*

PER CURIAM. The only evidence was that offered by plaintiff; and this evidence, when considered in the light most favorable to plaintiff,

was sufficient to support the jury's finding that plaintiff's damage was proximately caused by the negligence of defendants as alleged in the complaint. Moreover, it does not appear therefrom that Freeman, plaintiff's employee-driver, was guilty of contributory negligence as a matter of law.

No error.